IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| VELISA BROWN, | ) | |
| | ) | |
| PLAINTIFF, | ) | CIVIL ACTION NO. ___________ |
| | ) | |
| vs. | ) | |
| | ) | HON. |
| RCO ENGINEERING, | ) | |
| | ) | |
| DEFENDANT. | ) | |
| ____________________________________ | ) | |

**COMPLAINT**

PLAINTIFF, VELISA BROWN, by and through her attorneys, CARLA D. AIKENS, P.L.C., submits the following Complaint and Demand for Trial by Jury against RCO ENGINEERING.

**JURY DEMAND**

COMES NOW PLAINTFF, and hereby makes her demand for trial by jury.

**JURISDICTION**

1. At all times relevant to this complaint, PLAINTIFF VELISA BROWN was a resident of Wayne, County in the State of Michigan.

2. DEFENDANT RCO ENGINEERING is a domestic profit corporation, which has a place of business at 29200 Calahan Road, Roseville, MI 48066.

3. This action is brought in this Court on the basis of federal question jurisdiction, pursuant to Title VII of the Civil Rights Act of 1964, 42 USC 2000e et seq.

4. Pursuant to 28 U.S.C. §1367, this Court has supplemental jurisdiction over Plaintiff's state law claims.

**VENUE**

5. Venue is proper in the Eastern District of Michigan pursuant to Section 706(f)(3) of Title

VII, 42 U.S.C. § 2000e-5(f)(3), because the unlawful employment discrimination giving rise to Plaintiff's claims occurred in this District.

## STATEMENT OF FACTS

6. Plaintiff began working for Defendant as a quality technician on May 25, 2021.

7. This was a contracted position through Spark Talent for 90 days; however, Plaintiff was laid off on October 10, 2021.

8. There were only two African American women who worked in the department and Plaintiff was one of them.

9. In the beginning of October 2021, a male co-worker in her department made two sexual passes at her; she declined both.

10. On several different occasions, a woman believed to be the same male co-worker's significant other would follow Plaintiff into the restroom, making her uncomfortable.

11. The woman went into the same bathroom as Plaintiff on multiple occasions and did not work in that department or near that department bathroom.

12. The woman looked under Ms. Brown's stall while she was using the restroom.

13. Plaintiff then confronted the woman by asking if her significant other was telling her when Plaintiff was going into the restroom, because the male co-worker sat next to the restroom and could see who went in and out from his station.

14. The woman laughed it off and said something inaudible. Plaintiff then asked her male co-worker the same question, but he stated that he did not know what she meant, which Plaintiff did not believe.

15. Plaintiff went to the woman's supervisor, in the housekeeping department, to make a complaint on October 8, 2021. The woman's supervisor said HR would contact Plaintiff to get more information.

16. Plaintiff's supervisor, Martin, asked where she was, and she told him what happened. Martin said Plaintiff "should have kicked" her.

17. Plaintiff was then laid off on October 10, 2021. She was told by Spark Talent that the reason for her termination was that her contract was up, but it had been expired for almost 2 months at that time.

18. On March 28, 2022, Plaintiff filed a charge of discrimination with the EEOC against Defendant.

19. On March 10, 2023 the EEOC issued Plaintiff a right to sue letter and this lawsuit followed.

**COUNT I**
**RETALIATION IN VIOLATION OF TITLE VII**

20. Plaintiff incorporates by reference all allegations in the preceding paragraphs.

21. At all material times, Defendant was an employer and Plaintiff was an employee covered by, and within the meaning of, Title VII, as amended.

22. A respondeat superior relationship existed because agents of Defendant had the ability to undertake or recommend tangible decisions affecting Plaintiff and the authority to direct all of Plaintiff's daily work activity.

23. Defendant's conduct, as alleged herein, violated Title VII which makes it unlawful to harass or retaliate against an employee for engaging in protected activity.

24. Plaintiff engaged in protected activity, as more fully laid out in the statement of facts, including, but not limited to when Plaintiff protested and reported harassment to human resources.

25. Defendant, through its agents, had knowledge that Plaintiff engaged in protected behavior because she reported the issue directly to agents of Defendant.

26. After Plaintiff engaged in protected activity, Defendant's agents thereafter took adverse employment actions against Plaintiff, as alleged in the statement of facts.

27. Defendant and its agents' unlawful actions were intentional, willful, malicious and/or done with reckless disregard of Plaintiff's rights.

28. Plaintiff notified Defendant and its agents of the unwelcomed conduct and communication; however, Defendant failed to remedy the same.

29. As a proximate result of Defendant's discriminatory and retaliatory actions, Plaintiff has suffered losses in compensation, earning capacity, humiliation, mental anguish, and emotional distress.

30. As a result of those actions and consequent harms, Plaintiff has suffered such damages in an amount to be proved at trial.

31. Plaintiff requests relief as described in the Prayer for Relief below.

**COUNT II**
**RETALIATION IN VIOLATION OF THE ELCRA**

32. Plaintiff incorporates by reference all allegations in the preceding paragraphs.

33. At all material times, Plaintiff was an employee, and Defendant was her employer covered by, and within the meaning of, the ELCRA.

34. A respondeat superior relationship existed because agents of Defendant had the ability to undertake or recommend tangible decisions affecting Plaintiff and the authority to direct all of Plaintiff's daily work activity.

35. Defendant's conduct, as alleged herein, violated the ELCRA which makes it unlawful to retaliate against an employee who has engaged in protected activity.

36. Plaintiff engaged in protected activity, as more fully laid out in the statement of facts, including, reporting to human resources the inappropriate harassing behavior by her co-workers.

37. Defendant, through its agents, had knowledge that Plaintiff engaged in protected behavior because she reported the issue directly to agents of Defendant.

38. After Plaintiff engaged in protected activity, Defendant's agents thereafter took adverse employment actions against Plaintiff, as alleged in the statement of facts.

39. Defendant and its agents' unlawful actions were intentional, willful, malicious and/or done with reckless disregard of Plaintiff's rights.

40. Plaintiff notified Defendant and its agents of the unwelcomed conduct and communication; however, Defendant failed to remedy the same.

41. As a proximate result of Defendant's discriminatory and retaliatory actions, Plaintiff has suffered losses in compensation, earning capacity, humiliation, mental anguish, and emotional distress.

42. As a result of those actions and consequent harms, Plaintiff has suffered such damages in an amount to be proved at trial.

43. Plaintiff requests relief as described in the Prayer for Relief below.

## COUNT III

## GENDER/SEXUAL HARRASMENT/DISCRIMINATION IN VIOLATION OF TITLE VII

44. Plaintiff incorporates by reference all allegations in the preceding paragraphs.

45. At all material times, Defendant was an employer covered by, and within the meaning of, Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended.

46. Defendant's conduct, as alleged herein, violated Title VII, which makes it unlawful to sexually harass an employee or discriminate against said employee on the basis of gender.

47. A respondeat superior relationship existed because Plaintiff's supervisors, had the ability to undertake or recommend tangible decisions affecting Plaintiff or the authority to direct Plaintiff's daily work activity as alleged in the statement of facts.

48. Plaintiff is a woman and a member of a protected class.

49. Plaintiff was subjected to communication or conduct on the basis of her gender, as indicated in the facts above.

50. A female who worked for Defendant sexually harassed Plaintiff.

51. The communication and conduct from the female was unwelcomed.

52. The unwelcomed conduct or communication was intended to or in fact did substantially interfere with the Plaintiff's employment or created an intimidating, hostile, or offensive work environment as alleged in the statement of facts.

53. Plaintiff notified Defendant and/or Defendant's agents of the unwelcomed conduct and communication and Defendant failed to remedy the unwelcomed conduct or communication.

54. As a direct and proximate result of Defendant's and Defendant's agent's wrongful acts and omissions, Plaintiff has sustained loss of earnings, earning capacity, and fringe benefits and has suffered mental anguish, emotional distress, humiliation and embarrassment, loss of professional reputation, and was constructively terminated.

55. Plaintiff requests relief as described in the Prayer for Relief below.

**COUNT VI**

**GENDER/SEXUAL HARRASMENT/DISCRIMINATION IN VIOLATION OF THE**

**MICHIGAN ELLIOTT-LARSEN CIVIL RIGHTS ACT, MCL 37.2101 et seq. ("ELCRA")**

56. Plaintiff incorporates by reference all allegations in the preceding paragraphs.

57. At all material times, Defendant was an employer covered by, and within the meaning of the Elliott-Larsen Civil Rights Act ("ELCRA"), as amended.

58. Defendant's conduct, as alleged herein, violated ELCRA, which makes it unlawful to sexually harass or discriminate against an employee.

59. A respondeat superior relationship existed because Plaintiff's supervisors, had the ability to undertake or recommend tangible decisions affecting Plaintiff or the authority to direct Plaintiff's daily work activity as alleged in the statement of facts.

60. Plaintiff is a woman and a member of a protected class.

61. Plaintiff was subjected to communication or conduct on the basis of her gender, as indicated in the facts above.

62. A female who worked for Defendant sexually harassed Plaintiff.

63. The communication and conduct from the broker was unwelcomed.

64. The unwelcomed conduct or communication was intended to or in fact did substantially interfere with the Plaintiff's employment or created an intimidating, hostile, or offensive work environment as alleged in the statement of facts.

65. Plaintiff notified Defendant and/or Defendant's agents of the unwelcomed conduct and communication and Defendant failed to remedy the unwelcomed conduct or communication.

66. As a direct and proximate result of Defendant's and Defendant's agent's wrongful acts and omissions, Plaintiff has sustained loss of earnings, earning capacity, and fringe

benefits and has suffered mental anguish, emotional distress, humiliation and embarrassment, loss of professional reputation, and was constructively terminated.

## COUNT V

## DISCRIMINATION ON THE BASIS OF RACE IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. 2000e et seq. ("Title VII")

67. Plaintiff incorporates by reference all allegations in the preceding paragraphs.

68. At all material times, Defendant was an employer and Plaintiff was an employee covered by, and within the meaning of, Title VII, as amended.

69. Defendant’s conduct, as alleged herein, violated Title VII of the Civil Rights Act of 1964, which makes it unlawful to harass or discriminate an employee on the basis of that employee’s race.

70. Plaintiff is an African American woman, and, as a result, is a member of a protected class pursuant to Title VII.

71. Plaintiff was subjected to offensive communication and/or conduct on the basis of her membership in this protected class.

72. Defendant and its agents’ unlawful actions were intentional, willful, malicious and/or done with reckless disregard for Plaintiff’s rights.

73. The unwelcomed conduct and communication was intended to and in fact did substantially interfere with Plaintiff’s employment and created an intimidating, hostile, and/or offensive work environment as alleged in the statement of facts.

74. As a proximate result of the Defendant’s discriminatory actions, Plaintiff has suffered losses in compensation, earning capacity, humiliation, mental anguish, and emotional distress.

75. As a result of those actions and consequent harms, Plaintiff has suffered such damages in an amount to be proven at trial.

76. Plaintiff requests relief as described in the Prayer for Relief below.

## COUNT VI

## DISCRIMINATION ON THE BASIS OF RACE IN VIOLATION OF THE MICHIGAN ELLIOTT-LARSEN CIVIL RIGHTS ACT, MCL 37.2101 et seq. ("ELCRA")

77. Plaintiff incorporates by reference all allegations in the preceding paragraphs.

78. At all material times, Defendant was an employer and Plaintiff was an employee covered by, and within the meaning of, ELCRA.

79. Defendant's conduct, as alleged herein, violated the ELCRA, which makes it unlawful to harass or discriminate an employee on the basis of that employee's race or skin color.

80. Plaintiff is an African American woman, and, as a result, is a member of a protected class pursuant to ELCRA.

81. Plaintiff was subjected to offensive communication and/or conduct on the basis of her membership in this protected class.

82. Defendant and its agents' unlawful actions were intentional, willful, malicious and/or done with reckless disregard for Plaintiff's rights.

83. The unwelcomed conduct and communication was intended to and in fact did substantially interfere with Plaintiff's employment and created an intimidating, hostile, and/or offensive work environment as alleged in the statement of facts.

84. As a direct and proximate result of the Defendant's wrongful acts and omissions, Plaintiffs have sustained loss of earnings, earning capacity, and fringe benefits and have suffered

mental anguish, emotional distress, humiliation and embarrassment, and loss of professional reputation.

85. Plaintiff requests relief as described in the Prayer for Relief below

**RELIEF REQUESTED**

PLAINTIFF, VELISA BROWN, respectfully requests that this Honorable Court enter judgment against Defendant as follows:

1. Compensatory damages in whatever amount to which Plaintiff is entitled;
2. Exemplary damages in whatever amount which Plaintiff is entitled;
3. An award of lost wages and the value of fringe benefits, past and future;
4. An award of interest, costs, and reasonable attorney fees; and
5. An order awarding whatever other equitable relief appears appropriate at the time of final judgment.

Dated: June 8, 2023 Respectfully Submitted,

CARLA D. AIKENS, P.L.C.

/s/ Carla D. Aikens
Carla D. Aikens (P69530)
Tasha Brownlee (P84359)
615 Griswold St., Ste. 709
Detroit, MI 48226
carla@aikenslawfirm.com
tasha@aikenslawfirm.com
*Attorneys for Plaintiff*