UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VELISA BROWN,

        Plaintiff,

v.

RCO ENGINEERING INC.,

        Defendant.
_____/

Case No: 23-11371

Honorable Nancy G. Edmunds

## ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS [8]

This is an employment discrimination action brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*. (Title VII). Plaintiff Velisa Brown alleges that agents of Defendant RCO Engineering, her former employer, discriminated against her on the basis of her gender and race, sexually harassed her, and retaliated against her for complaining of sexual harassment. Before the Court is Defendant's Motion to Dismiss for failure to state a claim upon which relief can be granted. (ECF No. 8.) Plaintiff responded in opposition to the motion. (ECF No. 11.) Defendant filed a reply. (ECF No. 12.) For the reasons that follow, Defendant's Motion to Dismiss is granted in part and denied in part.

### I.  Background

The following facts are alleged in the Complaint (ECF No. 1) and accepted as true for purposes of the present motion:

Plaintiff began working for Defendant as a quality technician on May 25, 2021. This was originally a 90-day contracted position facilitated through Spark Talent,

1

however Plaintiff continued to work for Defendant beyond the end of the contract until she was laid off on October 10, 2021. She was one of only two African American women employed in her department.

In early October 2021, a male colleague within Plaintiff's department made two unwarranted sexual advances, both of which Plaintiff rebuffed. Subsequently, the female significant other of the aforementioned male colleague followed Plaintiff into the restroom on various occasions even though the woman did not work in that department or near that restroom. This made Plaintiff uncomfortable. On one occasion, the woman peered under Plaintiff's stall while she was using the restroom.

Plaintiff confronted the woman and asked her if the male colleague was reporting to her when Plaintiff went into the restroom. She suspected this because the male colleague sat next to the restroom and could see who went in and out from his workstation. The woman dismissed Plaintiff's inquiry with laughter and unintelligible remarks. Plaintiff then approached the male colleague with the same question only to be met with denial and apparent ignorance of the situation.

On October 8, 2021, Plaintiff reported the incident in the restroom to the woman's supervisor in the housekeeping department. The supervisor indicated that human resources would contact Plaintiff for more information. Plaintiff also told her own supervisor what had happened, and he responded that she "should have kicked" the woman.

Two days later, Plaintiff was laid off. Spark Talent reported that the reason for Plaintiff's termination was that her contract had expired, however the 90-day contract had expired almost two months prior and Plaintiff had continued to work. Plaintiff timely

2

filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") stating as follows:

> I began working for [Defendant] on or about May 2021, as a Quality Inspector. On or around October 01, 2021, I reported a white female custodian looking under the bathroom stall when I was using it. I immediately reported her behavior to the supervisor of Housekeeping. On or about October 03, 2021, I received a text message from my employer not to return back to work. I inquired about why my employer did not want me to return however, no valid reason was given. I can only surmise I was discharged for complaining about being sexually harassed in the lady's restroom. I believe I was discriminated against due to my sex (female), race (African American), sexually harassed, retaliated against, and discharged for participating in a protected activity in violation of Title VII of the Civil Rights Act of 1964, as amended.

(ECF No. 8-4.)

On March 10, 2023, the EEOC issued Plaintiff a right to sue letter and this lawsuit followed. (*See* ECF No. 11-4.)

## II.     Standard of Review

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a case where the complaint fails to state a claim upon which relief can be granted. When reviewing a motion to dismiss under Rule 12(b)(6), a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). But the court "need not accept as true legal conclusions or unwarranted factual inferences." *Id.* (quoting *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000)).

A plaintiff's factual allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." *LULAC v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). Dismissal is appropriate if the plaintiff failed to offer sufficient factual allegations that make the asserted claim plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility refers to "when a plaintiff 'pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Matthew N. Fulton, DDS, P.C. v. Enclarity, Inc.*, 907 F.3d 948, 951-52 (6th Cir. 2018) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

When deciding a motion under Rule 12(b)(6), the Court looks only to the pleadings; matters outside the pleadings may not be considered unless the motion is converted to one for summary judgment. Fed. R. Civ. P. 12(d); *Jones v. City of Cincinnati*, 521 F.3d 555, 562 (6th Cir. 2008). However, "a court ruling on a motion to dismiss may consider materials in addition to the complaint if such materials are public records or are otherwise appropriate for the taking of judicial notice." *Bailey v. City of Ann Arbor*, 860 F.3d 382, 386 (6th Cir. 2017).

Here, the parties have attached to their briefing Plaintiff's charge of discrimination to the EEOC. (ECF Nos. 8-4, 11-3.) Plaintiff also attached the following exhibits to her response: Defendant's Position Statement submitted to the EEOC (ECF No. 11-1); Plaintiff's Declaration (ECF No. 11-2); and the EEOC's right to sue letter (ECF No. 11-4). "EEOC charges and related documents, including right to sue letters, are public records of which the Court may take judicial notice in ruling on a motion to dismiss without having to convert the motion into one for summary judgment." *Kovac v. Superior*

4

*Dairy, Inc.*, 930 F. Supp. 2d 857, 862-63 (N.D. Ohio 2013); *see also Caplinger v. Uranium Disposition Servs., LLC*, No. 08-548, 2009 WL 367407, at *2 (S.D. Ohio Feb. 11, 2009) (holding that, in support of a motion to dismiss, a court views public records such as documents filed with the EEOC without converting the motion to a motion for summary judgment); *Rhea v. Dollar Tree Stores, Inc.*, 395 F. Supp. 2d 696, 703 (W.D. Tenn. 2005) (finding EEOC charge to be part of the public record for purposes of a motion to dismiss). Defendant's Position Statement and Plaintiff's Declaration, however, are not properly considered on a motion to dismiss. The Court therefore excludes these exhibits and declines to exercise its discretion to convert the motion to one for summary judgment. *See Wysocki v. Int'l Bus. Mach. Corp.*, 607 F.3d 1102, 1104 (6th Cir. 2010) ("We review the district court's decision to convert a 12(b)(6) motion to dismiss into a motion for summary judgment for abuse of discretion."); *Shelby Cnty. Health Care Corp. v. S. Council of Indus. Workers Health & Welfare Trust Fund*, 203 F.3d 926, 931 (6th Cir. 2000) ("The district court did not abuse its discretion in sua sponte converting the Fund's motion to dismiss into a motion for summary judgment").

III. **Analysis**

Plaintiff brings her claims pursuant to Title VII which provides that "[i]t shall be an unlawful employment practice for an employer . . . to discriminate against any individual . . . because of such individual's race, color, religion, sex, or national origin[.]" 42 U.S.C. 2000e-2(a)(1). Defendant moves to dismiss the Complaint arguing that Plaintiff failed to exhaust her administrative remedies and failed to state a claim upon which relief may

5

be granted with each of her three remaining claims.[1] The Court takes each of these arguments in turn.

A. **Exhaustion**

Defendant argues that because Plaintiff references only a "white female custodian officer" in her charge to the EEOC, that Plaintiff failed to exhaust her administrative remedies regarding any claim of sexual harassment by a male—*i.e.*, the male colleague and significant other of the woman who followed Plaintiff into the restroom. (*See* ECF No. 8-4.) Plaintiff acknowledges she did not specifically mention the male colleague in her EEOC charge however she points to language where she states she was discriminated against on the basis of her gender and sexually harassed. (*Id.*) This, she argues, is sufficient to maintain her claims arising from the actions of her male colleague.

It is well established that a person seeking to bring a discrimination claim under Title VII must first exhaust her administrative remedies by filing a timely administrative charge with the EEOC. *Jones v. Johnson*, 707 F. App'x 321, 328 (6th Cir. 2017); *Randolph v. Ohio Dep't of Youth Servs.*, 453 F.3d 724, 731 (6th Cir. 2006). This requires a plaintiff to file a charge with the EEOC within 180 days, or within 300 days if the claimant has "initially instituted proceedings with a State or local agency with authority to grant or seek relief from such practice." 42 U.S.C. § 2000e-5(e)(1). "The charge must be 'sufficiently precise to identify the parties, and to describe generally the action or practices complained of.'" *Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 361 (6th Cir. 2010) (quoting 29 C.F.R. § 1601.12(b)). In addition, a plaintiff bringing a lawsuit

---

[1] The Court previously declined to exercise supplemental jurisdiction over Plaintiff's claims brought pursuant to Michigan's Elliott-Larsen Civil Rights Act. (ECF No. 4.)

under Title VII is generally precluded from asserting allegations that were not previously raised in an EEOC charge. *Id.* (citing 42 U.S.C. § 2000e-5(f)(1); *Alexander v. Gardner–Denver Co.,* 415 U.S. 36, 47 (1974)).

In *Younis*, the Sixth Circuit Court of Appeals described the rationale for the requirement that a plaintiff must first bring claims with the EEOC before pursuing a lawsuit:

> This rule serves the dual purpose of giving the employer information concerning the conduct about which the employee complains as well as affording the EEOC and the employer an opportunity to settle the dispute through conference, conciliation, and persuasion. Hence, allowing a Title VII action to encompass claims outside the reach of the EEOC charges would deprive the charged party of notice and would frustrate the EEOC's investigatory and conciliatory role.

*Id.* at 361-62 (citing *Alexander*, 415 U.S. at 44). The *Younis* court also recognized that EEOC complaints are typically filed *pro se* and directed that they should be construed liberally, allowing consideration of claims that are reasonably related to or grow out of the factual allegations in the EEOC charge." *Id.* at 362 (citing *Randolph*, 453 F.3d 724, 732 (6th Cir. 2006)). "As a result, 'whe[n] facts related with respect to the charged claim would prompt the EEOC to investigate a different, uncharged claim, the plaintiff is not precluded from bringing suit on that claim.'" *Id.* (citing *Davis Sodexho*, 157 F.3d 460, 463 (6th Cir. 1998)).

Here, the Court finds that the allegations in the Complaint that refer to the actions of Plaintiff's male colleague are reasonably related to the factual allegations in the EEOC charge. Plaintiff alleges in her complaint that she suspected the male colleague was reporting to the female coworker when Plaintiff went into the restroom. From this allegation, it could be reasonably inferred that any alleged harassment from

7

the female coworker was related to or arose from the alleged harassment from the male colleague. Thus, viewing her charge to the EEOC in a liberal manner, Plaintiff has exhausted her administrative remedies regarding her claims arising out of the alleged actions of her male coworker. *See Younis*, 610 F.3d at 362.

    **B.**    **Sufficiency of the Complaint**

Defendant also contends that each of Plaintiff's claims are insufficient under *Iqbal* and *Twombly*. These two Supreme Court cases, and the line of cases that followed, heightened the pleading standard under the Federal Rules of Civil Procedure by requiring plaintiffs to demonstrate that their claims are "plausible" rather than providing a formulaic recitation of the elements of the claim or legal conclusions unsupported by factual allegations. *See generally Iqbal*, 556 U.S. at 662 and *Twombly*, 550 U.S. at 544. Specifically, Defendant argues that (1) Plaintiff's race discrimination claim fails where Plaintiff has alleged only conclusory allegations and no underlying facts supporting race discrimination; (2) Plaintiff's retaliation claim fails where Plaintiff has not alleged that any decision maker responsible for the termination of Plaintiff's employment had knowledge of Plaintiff's complaints and has not alleged facts to support causation; and (3) Plaintiff's gender discrimination and sexual harassment claims fail as those claims are not plausible given the insufficient factual allegations.

    ***1. Plaintiff Fails to State a Claim of Gender or Race Discrimination***

Absent evidence of direct discrimination, a plaintiff makes a *prima facie* case of discrimination by demonstrating that (1) she is a member of a protected class; (2) she was qualified for her job; (3) she suffered an adverse employment decision; and (4) she was replaced by a person outside the protected class or treated differently than similarly

8

situated non-protected employees. *White v. Baxter Healthcare Corp.*, 533 F.3d 381, 391 (6th Cir. 2008). But a prima facie case is an evidentiary standard, not a pleading requirement. *Keys v. Humana, Inc.*, 684 F.3d 605, 609 (6th Cir. 2012) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002)). To survive a motion to dismiss, a plaintiff bringing a claim of discrimination under Title VII need only "allege sufficient factual content from which a court, informed by its judicial experience and common sense, could draw the reasonable inference" that the defendant discriminated against the plaintiff because of her race, gender, or other protected trait. *Id.* (citations omitted). That is not the case here.

As it concerns her gender and race discrimination claims, Plaintiff's complaint tenders little more than the "'naked assertion[s]' devoid of 'further factual enhancement'" that *Twombly* and *Iqbal* prohibit. *See Iqbal*, 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 557); *Keys*, 684 F.3d at 610. For instance, Plaintiff's sole factual allegation concerning race is her statement that she was one of "only two African American women who worked in the department." (ECF No. 1, PageID.2.) And although Plaintiff alleges that she was the subject of harassment and improper sexual advances from a male colleague, nowhere in her complaint does she allege factual content to support the notion that Defendant treated her differently than her similarly situated male counterparts. Thus, Plaintiff's discrimination claims fail.

### 2. Plaintiff States a Claim of Retaliation

Plaintiff's retaliation claim fares only slightly better, but at this stage in the proceeding, her claim will survive. A plaintiff bringing a claim of retaliation must show (1) that she engaged in a protected activity under Title VII; (2) the protected activity was

known to the defendant; (3) the defendant took an adverse employment action against the plaintiff; and (4) there was a causal connection between the adverse employment action and the protected activity. *Taylor v. Geithner*, 703 F.3d 328, 336 (6th Cir. 2013) (citing *Hunter v. Sec'y of U.S. Army*, 565 F.3d 986, 995-96 (6th Cir. 2009)). As with claims of discrimination, however, "[t]he liberal pleading standard applicable to civil complaints does not require that a retaliation complaint set forth specific facts establishing a prima facie case, but it must allege facts that establish a plausible claim to relief." *Carrethers v. Speer*, 698 Fed. App'x 266, 270 (6th Cir. 2017) (citing *Keys*, 684 F.3d at 609-10.

Here, Plaintiff alleges that she engaged in protected activity by making complaints to her supervisor and the supervisor of the woman who allegedly followed her into the restroom. (ECF No. 1, PageID.3.) She further alleges that Defendant had knowledge of these complaints. (*Id.* At PageID.4.) Plaintiff's employment was then terminated two days later. "Where an adverse employment action occurs very close in time after an employer learns of a protected activity, such temporal proximity between the events is significant enough to constitute evidence of a causal connection for the purposes of satisfying a prima facie case of retaliation." *Mickey v. Zeidler Tool & Die Co.,* 516 F.3d 516, 525 (6th Cir. 2008). Thus, a reasonable factfinder could infer Plaintiff's termination of employment was caused by her decision to make complaints. Plaintiff's claim of retaliation is plausible based upon her allegations.

### 3. Plaintiff Fails to State a Claim of Sexual Harassment

Though Plaintiff purports to bring a single "Gender/Sexual Harassment/Discrimination in Violation of Title VII" claim, the Court will analyze the

sexual harassment claim separately. Courts recognize two types of sexual harassment: (1) harassment that creates an offensive or hostile environment; and (2) quid quo pro harassment, in which a supervisor demands sexual favors as a condition for job benefits. *Kauffman v. Allied Signal, Inc., Autolite Div.*, 970 F.2d 178, 182 (6th Cir. 1992). Plaintiff's allegations most closely align with the first category.

To succeed on a hostile-work-environment sexual harassment claim, an employee must prove "(1) she is a member of a protected class; (2) she was subjected to unwelcome harassment based on her sex; (3) the harassment unreasonably interfered with her work performance and 'created an objectively intimidating, hostile, or offensive work environment'; and (4) the employer is liable." *Gordon v. England*, 612 F. App'x 330, 335 (6th Cir. 2015) (quoting *Warf v. U.S. Dep't of Veterans Affairs,* 713 F.3d 874, 878 (6th Cir.2013)).

Plaintiff's factual allegations sufficiently support the first two elements—*i.e.*, that she is a woman who was subject to unwelcome sexual advances from a coworker—but she fails to provide sufficient factual content that would allow this Court to reasonably draw the inference that the sexual advances created a hostile environment or that Defendant is liable. First, with regards to the actions of the male colleague only, Plaintiff does not allege that the sexual advances interfered with her work performance or created a hostile work environment, only that she declined those advances. (ECF No. 1, PageID.2.) She also fails to allege that she filed a complaint or otherwise informed her employer of the male colleague's improper actions. Therefore, there are no facts from which the Court can discern whether Defendant had knowledge of, and was therefore liable for, any improper activity. As for the actions of her female coworker, though

11

Plaintiff alleges that she was "uncomfortable" because the woman followed her into the restroom "on several different occasions," this allegation without more does not allow the Court to reasonably infer that Plaintiff was subject to a "hostile" environment. *See Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993). ("[W]hether an environment is 'hostile' or 'abusive' can be determined only by looking at all the circumstances.")

Moreover, with respect to the incident where Plaintiff's female coworker looked under the stall while Plaintiff was using the restroom, this singular action is insufficient to maintain a hostile-work-environment claim. *Clay v. United Parcel Serv., Inc.,* 501 F.3d 695, 708 (6th Cir.2007). As such, Plaintiff fails to state a claim of sexual harassment under Title VII.

C. **Plaintiff's Request to Amend the Complaint**

Plaintiff requests an opportunity to amend her complaint if the Court finds her allegations insufficient to survive dismissal. She states an amended complaint would include additional allegations regarding her qualifications for her job and how she was treated differently than similarly situated employees outside of her protected class. But Plaintiff has not filed a motion to amend. A "request for leave to amend 'almost as an aside, to the district court in a memorandum in opposition to the defendant's motion to dismiss is . . . not a motion to amend." *La. Sch. Emps.' Ret. Sys. v. Ernst & Young, LLP*, 622 F.3d 471, 486 (6th Cir. 2010); *Kuyat v. BioMimetic Therapeutics, Inc.*, 747 F.3d 435, 444 (6th Cir. 2014). Nor has Plaintiff attached a copy of a proposed amended complaint to her response. *See Kuyat*, 747 F.3d. at 444. Thus, Plaintiff's request for leave to amend in lieu of dismissal is denied.

**IV.     Conclusion**

For the foregoing reasons, the Court **GRANTS IN PART AND DENIES IN PART** Defendant's Motion to Dismiss. (ECF No. 8.) The motion is granted in that Plaintiff's discrimination and sexual harassment claims are **DISMISSED WITHOUT PREJUDICE**. The motion is denied as to Plaintiff's claim of retaliation in violation of Title VII (Count I).

**SO ORDERED.**

                                                  s/ Nancy G. Edmunds
                                                  Nancy G. Edmunds
                                                  United States District Judge

Dated: March 8, 2024

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 8, 2024, by electronic and/or ordinary mail.

                                    s/ Lisa Bartlett
                                    Case Manager