UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| VELISA BROWN,<br>      Plaintiff,<br>v.<br><br>RCO ENGINEERING, INC.,<br>      Defendant.<br>_____/ | Case No. 23-11371<br><br>Nancy G. Edmunds<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

**ORDER DENYING MOTION FOR PROTECTIVE ORDER (ECF No. 23) AND GRANTING IN PART MOTION TO COMPEL (ECF No. 24)**

A. Background

Plaintiff's lawsuit has been reduced to a claim of retaliation against her former employer, through a staffing agency, Defendant RCO Engineering, Inc. The parties' discovery disputes were referred to the undersigned for determination. (ECF No. 26). Defendant seeks a protective order precluding Plaintiff from deposing eight of its current and former employees. Defendant says that that deposition notices came too late—just two weeks before the close of discovery. (ECF No. 23). In response, Plaintiff moved for an order compelling the depositions. She notes that there is no scheduling order, so it is unclear when discovery would be closed. And she insists that she did not unduly delay in seeking the depositions. Defendant responded to written discovery in late July 2024. Near the end of August 2024, Defendant provided dates for its corporate

representative's deposition. That deposition went forward on October 15, 2024. During the deposition, Plaintiff's counsel learned more about Defendant's fact witnesses' knowledge and sought to depose them by giving notice that evening. (ECF No. 24).

B.   Discussion

"Parties may obtain discovery related to any nonprivileged matter relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26. Information within this scope of discovery need not be admissible in evidence to be discoverable. *Id.* "Although a [party] should not be denied access to information necessary to establish her claim, neither may a [party] be permitted to 'go fishing,' and a trial court retains discretion to determine that a discovery request is too broad and oppressive." *Superior Prod. P'ship v. Gordon Auto Body Parts Co.*, 784 F.3d 311, 320-21 (6th Cir. 2015) (citing *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007)). A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. Fed. R. Civ. P. 37.

Federal Rule of Civil Procedure 26(c) allows the Court to issue protective orders for good cause shown to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including that the disclosure or discovery not be had, or that the disclosure or discovery be limited to certain matters.  Fed. R. Civ. P. 26(c).  The party seeking a protective order has the burden of showing that good cause exists for the order.  *Nix v. Sword*, 11 F. App'x 498, 500 (6th Cir. 2001).  To show good cause, the movant must articulate specific facts showing "clearly defined and serious injury resulting from the discovery sought and cannot rely on conclusory statements."  *Id*. (citations and internal quotation marks omitted).

In support of the motion for protective order, Defendant contends that requiring the depositions to go forward "would inflict an undue burden."  Defendant says that Plaintiff's attempt to depose the eight witnesses "seems calculated to force a settlement offer" since Plaintiff's testimony was unfavorable to her.  (ECF No. 23, PageID.190).  She testified that she reported alleged sexual harassment on October 1, 2021.  Defendant issued an email the day before, on September 30, 2021, memorializing the decision to end Plaintiff's work assignment.  So according to Defendant, Plaintiff's contention that her assignment was ended in retaliation for reporting the harassment is a losing one.  Defendant therefore views the depositions as unnecessary and burdensome.  (*Id.* at

3

PageID.190-91). It also asserts burden in that counsel would need to prepare for and attend the depositions for more than a week. (*Id.* at PageID.191).

The Court **DENIES** the motion for protective order and **GRANTS IN PART** the motion to compel. The motions are before the Court on an unusual procedural posture. Defendant has been operating under the parties' joint discovery plan. The parties agreed that November 1, 2024, would be the close of discovery and that dispositive motions would be due no later than December 1, 2024 (which is a Sunday, so December 2, 2024, would be the deadline; *see* Fed. R. Civ. P. 6(1)(c)). (ECF No. 18). Since a case management order has not yet been entered under Fed. R. Civ. P. 16(b)(2), it would be unfair to conclude, at this point, that Plaintiff was dilatory in not seeking the depositions until October 15, 2024. In addition, Defendant's assertion of undue burden is insufficient. For one thing, its claim of undue burden would be successful if the Court adopted its view of the merits of Plaintiff's case, which it is not in a position to do. Second, Defendant notes that counsel would be required to spend a week in depositions for this case. Defending depositions is not an undue burden without some other showing of "clearly defined and specific harm." *Nix*, 11 F. App'x at 500. Defendant did not meet its burden of showing entitlement to a protective order.

That said, Defendant has made a colorable showing that the need for the depositions is not great. And Plaintiff did not adequately explain what she hopes

4

to get from all eight witnesses.  In attempting to resolve the dispute, Defendant offered to make six witnesses available for 2.5 hours of deposition each, but Plaintiff refused the offer.  (ECF No. 23, PageID.191).  The Court finds that deposing six of the witnesses is a reasonable compromise, with each deposition limited to 3.5 hours.  If Plaintiff needs more time or witnesses, she may petition the Court with the basis for the need.  These depositions must be completed before January 24, 2025.  The Court is mindful not to negatively impact the length of this litigation while giving Plaintiff a fair opportunity to litigate her case.

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d).  A party may not assign as error any defect in this Order to which timely objection was not made.  Fed. R. Civ. P. 72(a).  Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection.  When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge.  E.D. Mich. Local Rule 72.2.

Date: December 6, 2024                    s/Curtis Ivy, Jr.
                                          Curtis Ivy, Jr.
                                          United States Magistrate Judge