UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| VELISA BROWN,<br>　　　　　　　　　Plaintiff,<br>v.<br><br>RCO ENGINEERING, INC.,<br>　　　　　　　　　Defendant.<br>_____/ | Case No. 23-11371<br><br>Nancy G. Edmunds<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

### ORDER DENYING MOTION TO COMPEL (ECF No. 33)

　　The parties are before the Court on Plaintiff's motion to compel Defendant to provide the native format of employee emails. (ECF No. 33). The motion was referred to the undersigned. (ECF No. 34).

　　Plaintiff brings the motion because of suspicion as to the authenticity of Defendant's email production. During a status call on the motion, Plaintiff's counsel further explained the suspicion—the dates on the emails appeared "too perfect" and the pages of emails do not indicate the name of the email provider, such as Outlook or Gmail. (ECF No. 33, PageID.399). Plaintiff failed to attach to her brief the emails or other documents to explain the suspicion or show that more information needed to be produced.

　　In response, Defendant acknowledged that its initial production of the emails was in .pdf format. It remedied this with a supplemental production on February 3, 2025. (ECF No. 35, PageID.415). During the status conference, defense counsel

explained that the law firm's IT department confirmed that the supplemental production was of Outlook emails, the native format. Thus, Defendant insists it has nothing additional to produce. Defendant also argues that the Federal Rules of Civil Procedure require parties to produce documents in the form they are normally kept or in a reasonably usable form. The rules do not require native format production unless that specific form is requested; Plaintiff did not request the native form until now. (*Id.* at PageID.414).

Given Defendant's counsel's statement that it has produced the native form of the emails and there is no other format to provide, coupled with Plaintiff's unspecified and unsupported suspicion of unauthenticity, the motion to compel is **DENIED**.

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d). A party may not assign as error any defect in this Order to which timely objection was not made. Fed. R. Civ. P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in

effect unless it is stayed by the magistrate judge or a district judge. E.D. Mich. Local Rule 72.2.

Date: February 25, 2025

s/Curtis Ivy, Jr.
Curtis Ivy, Jr.
United States Magistrate Judge